UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **RONICA BROWN,** | CIVIL ACTION NO. 5:23-cv-00169-KKC |
|     **Plaintiff,** | |
| V. | **OPINION & ORDER** |
| **AIMBRIDGE HOSPITALITY, LLC** d/b/a **LEXINGTON GRIFFIN GATE MARRIOT GOLF RESORT & SPA, et. al.,** | |
|     **Defendants.** | |

*** *** ***

This matter is before the Court on a motion to dismiss filed by defendants Starr Indemnity and Liability Company and Gallagher Bassett Services, Inc. (DE 4.) Plaintiff, Ronica Brown, seeks damages for alleged statutory and bad faith insurance claims. Defendants argue that the claims in plaintiff's complaint should be dismissed for failure to state a cause of action. For the reasons stated herein, the motion to dismiss (DE 4) is DENIED.

## I.    BACKGROUND

Plaintiff Ronica Brown ("Brown") filed suit on May 11, 2023 against defendants Aimbridge Hospitality, LLC (which operates the Griffin Gate Marriott Hotel) for premises liability, and against Aimbridge's insurer, Starr Indemnity and Liability Company ("Starr"), and Starr's third-party administrator, Gallagher Bassett Services Inc. ("Gallagher Bassett"), for violation of the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA") and bad faith.

Brown was injured at the Griffin Gate Marriot pool on September 3, 2022. (DE 1-2, p. 4.) According to her complaint, Brown was walking back to her rented cabana from the restroom

1

when she was approached by a Marriot-employed waitress. *Id.* To avoid crowding the walkway, Brown stepped aside to speak with the waitress. *Id.* When she began walking back to her cabana, she walked directly into an alleged defective metal twist key protruding from an umbrella stand. *Id.* The contact wounded her leg, and her injury required nineteen stitches. (DE 1-2, p. 5.)

Following the incident, Brown filed a claim with Gallagher Bassett. Gallagher Bassett denied the claim and asserted that there was no liability due to the open and obvious nature of the umbrella stand. Despite denying liability, Gallagher Bassett offered to pay up to $5,000 for medical expenses. On March 29, 2023, Brown demanded $100,000 from Gallagher Bassett. (DE 1-2, Ex. 3, Page ID# 30.) The demand included photographs of the Marriott pool area, a photo of the umbrella stand, Brown's medical records and bills that totaled $2,901.80, and a photo of Brown's injury. (DE 1-2, pp. 4-5.) Starr/Gallagher Bassett agent Leslie Miller responded acknowledging that they received the demand package and once again took the position that there was a clear lack of liability on behalf of Aimbridge. (DE 1-2, Ex. 4, Page ID# 31.) Miller characterized Brown's injury as a "trip and fall over an open and obvious umbrella stand that presented no unreasonably dangerous condition" and from which Brown "sustained a minor injury." *Id.* Miller reiterated the offer to pay up to $5,000 of medical expenses along with a $2,500 settlement offer. *Id.*

Brown initiated suit and brought numerous statutory and bad faith insurance claims against Starr and Gallagher Bassett. The claims allege that Gallagher and Starr refused to pay the claim without a reasonable investigation, they lacked a reasonable basis in law or fact for denying the claim and knew or acted with reckless disregard for whether such a basis existed, and they attempted to settle a claim for less than the amount which a reasonable man would have believed he was entitled to. Defendants filed a motion to dismiss, arguing that the facts pleaded do not state a cause of action under Kentucky law. (DE 4.)

## II.     DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555.

Brown brings claims for violations of KUCSPA and bad faith. In *Wittmer v. Jones*, a unanimous court "gathered all of the bad faith liability theories under one roof and established a test applicable to all bad faith actions . . . ." *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000). As such, Brown's claims for bad faith and violations of KUCSPA are considered together. Before a cause of action for bad faith exists in the first place, there must be evidence sufficient to warrant punitive damages, which means that the insurance company's conduct must be outrageous. *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). "This means there must be sufficient evidence of intentional misconduct or reckless disregard of the rights of an insured or a claimant." *Id.* Next, the plaintiff must prove three elements: "(1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or

3

fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." *Id.* (quoting *Fed. Kemper Ins. Co. v. Hornback*, 711 S.W.2d 844, 846-47 (Ky. 1986) (Leibson, J., dissenting)) (internal quotation marks omitted); *Kentucky Nat'l Ins. Co. v. Shaffer*, 155 S.W.3d 738, 741-42 (Ky. App. 2004).

Therefore, to survive the motion to dismiss, Brown must plead facts that make a plausible claim that Gallagher/Starr acted outrageously. The Court may also consider exhibits attached to the complaint if they are referenced therein. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). Brown pleaded that her injury resulted in nineteen stitches and permanent scarring. (DE 1-2, p. 8.) The exhibits attached to the complaint further reveal that Gallagher/Starr's offered to pay up to $5,000 of Brown's medical expenses along with the $2,500 settlement offer. Based on these facts, it is at least plausible that the offer of $2,500 was grossly inadequate to compensate for Brown's injuries and Gallagher/Starr's conduct was outrageous.

Next, Brown must plausibly plead the three elements of a bad faith claim under Kentucky law. First, since Brown pleaded that the accident happened at the Griffin Gate Marriot which is insured by Starr, it is plausible that Starr/Gallagher must pay the claim under the terms of the policy. Second, it is plausible that there was not a reasonable basis in law or fact for denying the claim. Gallagher/Starr stated that Brown's claim was denied because the umbrella stand was open and obvious and did not present an unreasonably dangerous condition. (DE 1-2, p. 25.) At this point in litigation, the Court does not have enough facts to determine if that was a reasonable basis for denial or whether Gallagher/Starr knew that it was not a reasonable basis for denial. Accordingly, the Court cannot dismiss this claim.

For these reasons, the COURT hereby **ORDERS** that the defendant's motion to dismiss

4

(DE 4) is **DENIED**.

This 7th day of November, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY